IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 22-2344 |
| | : | |
| AMERICAN HEALTH FOUNDATION, | : | |
| INC.; AHF MANAGEMENT | : | |
| CORPORATION; AHF MONTGOMERY, | : | |
| INC. d/b/a CHELTENHAM NURSING AND | : | |
| REHABILITATION CENTER; and AHF | : | |
| OHIO, INC. d/b/a THE SANCTUARY AT | : | |
| WILMINGTON PLAEC and d/b/a | : | |
| SAMARITAN CARE CENTER AND VILLA. | : | |

**SURRICK, J.**                                                          **November 7, 2023**

**MEMORANDUM**

Presently before the Court is Plaintiff United States of America's ("the Government") Motion to Strike Affirmative Defenses (ECF No. 34). The Government's Motion will be granted in part and denied in part.

**I.    BACKGROUND**

The Government filed this action against four defendants, American Health Foundation, Inc.; AHF Management Corporation; AHF Montgomery, Inc., which does business as Cheltenham Nursing and Rehabilitation Center; and AFH Ohio, Inc., which does business as The Sanctuary at Wilmington Place and Samaritan Care Center and Villa (collectively, "Defendants"), alleging violations of the False Claims Act and federal common law theories of payment by mistake and unjust enrichment. (First Amended Compl. ("FAC"), ¶ 1.) The Government alleges that Defendants provided "non-existent and grossly substandard nursing home services to Medicare and Medicaid beneficiaries" and caused or risked causing serious

harm to their vulnerable residents. (*Id*. ¶ 2.) The Government alleges that, in doing so, Defendants "knowingly submitted or caused the submission of false and fraudulent claims for nursing home care" by providing deficient services and violating the standards of care articulated in the Nursing Home Reform Act and its implementing regulations. (*Id*. ¶ 12.)

In its Answer, Defendants pled five affirmative defenses. (Answer, ECF No. 33, at 84-87.) The Government moves to strike three of these defenses: Waiver and ratification (Second Affirmative Defense); accord and satisfaction (Third Affirmative Defense); and mitigation of damages (Fifth Affirmative Defense). (Mot., ECF No. 34.)

The Second Affirmative Defense of waiver and ratification states:

The United States' claims are barred wholly or in part by the equitable defenses of waiver and ratification.

The First Amended Complaint identifies numerous publicly available surveys performed at the direction of CMS, and the United States asserts claims based on conduct identified in these surveys. The First Amended Complaint also identifies multiple instances in which the United States paid claims for the same care associated with findings in the surveys after completion of the surveys.

The First Amended Complaint identifies multiple instances where the United States or its designee pursued and obtained administrative remedies based on such conduct. The United States or its designee accepted payment of civil penalties and/or a plan of correction to waive and/or ratify any non-compliances associated with Defendants' conduct.

The United States' use of administrative remedies and/or its payment of claims for care associated with survey findings ratifies Defendant's conduct and waives, in whole or in part, the United States' claims in this action. (Answer at 85-86.)

The Third Affirmative Defense of accord and satisfaction states:

The United States has pursued and obtained administrative remedies for care at issue in the First Amended Complaint. The United States or its designee accepted payment of civil penalties and/or verified a plan of correction in response to asserted non-compliances. To the extent that the United States has obtained civil penalties or verified plans of correction in response to conduct identified in the First Amended Complaint, its claims are barred by the doctrine of accord and satisfaction. (*Id*. at 86.)

The Fifth Affirmative Defense of mitigation of damages states:

>Counts I, II, and III of the First Amended Complaint are barred wholly or in part because the United States failed to mitigate its damages.
>
>The First Amended Complaint identifies numerous publicly available surveys performed at the direction of CMS, and the United States asserts claims based on conduct identified in these surveys. The First Amended Complaint also identifies multiple instances in which the United States paid claims for the same care associated with findings in the surveys after completion of the surveys.
>
>Had the United States communicated to Defendants that it would not pay for certain allegedly deficient services, Defendants would not have continued to submit such claims, and the United States would not have suffered all or some of its claimed damages.
(*Id.* at 87.)

## II.   LEGAL STANDARD

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). The Third Circuit has not addressed whether the heightened plausibility standard articulated in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), applies to affirmative defenses. *See Curbio, Inc. v. Miller*, No. 22-3619, 2023 WL 2505534, at *3-4 (E.D. Pa. Mar. 13, 2023).

"[A] court should not grant a motion to strike a defense unless the insufficiency of the defense is 'clearly apparent'" because "a court should restrain from evaluating the merits of a defense where . . . the factual background for a case is largely undeveloped." *Cipollone v. Liggett Grp., Inc.*, 789 F.2d 181, 188 (3d Cir. 1986). "Affirmative defenses [are] not to be struck unless there [is] no set of facts which could be inferred from the pleadings in support of the defenses." *Dann v. Lincoln Nat. Corp.*, 274 F.R.D. 139, 145 (E.D. Pa. 2011). "[B]are bones conclusory allegations" may be stricken. *Dann*, 274 F.R.D. at 145. In other words, "[a]lthough the standard is very low, a defendant must state some basis for asserting an affirmative defense." *Alliance Indus. Ltd. v. A-1 Specialized Serv. & Supplies, Inc.*, No. 13-2510, 2014 WL 4548474, at *2 (E.D. Pa. Sept. 11, 2014). In addition, "[a]n affirmative defense is insufficient if it is not recognized as a defense to the cause of action." *Total Containment, Inc. v. Environ Prods.*,

3

*Inc.,* No. 91-7911, 1992 WL 208981, at *1 (E.D. Pa. Aug.19, 1992) (citation omitted).  In contrast, "[a] motion to strike should not be granted when the sufficiency of a defense depends on disputed issues of fact" or involves "disputed or unclear questions of law." *Linker v. Custom-Bilt Mach. Inc.,* 594 F. Supp. 894, 898 (E.D. Pa. 1984) (citations omitted).

Courts have considerable discretion in determining whether to grant a motion to strike, but they "usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues."  *River Road Devel. Corp. v. Carlson Corp.,* No. 89-7037, 1990 WL 69085, at *2 (E.D. Pa. May 23, 1990).  Although motions to strike are disfavored, they may "serve a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues which would not affect the outcome of the case."  *United States v. Marisol*, 725 F. Supp. 833, 836 (M.D. Pa. 1989).

## III.    DISCUSSION

For the following reasons, we grant the Government's Motion to Strike Defendants' Second and Third Affirmative Defenses in whole.  We also grant the Government's Motion to Strike Defendants' Fifth Affirmative Defense in part and deny the Motion in part.

### A.    Second Affirmative Defense: Waiver and Ratification

The Government argues that Defendants' waiver and ratification affirmative defense fails because only the Attorney General and Department of Justice can waive the Government's right to bring a False Claims Act action, and Defendants have not alleged that they have done so. (Mot. at 3-5.)

Defendants argue that some government officials were aware of Defendants' conduct by virtue of the surveys that the Centers for Medicare & Medicaid Services ("CMS") conducted and

administrative remedies that were imposed on Defendants, and that this knowledge could constitute waiver.  (Opp'n, ECF No. 37, at 4-5.)  Defendants argue that government knowledge can negate False Claims Act and common law fraud claims, and that they are entitled to discovery into this area as the Government has sufficient notice of this defense.  (*Id*.)

The Government's motion to strike the Second Affirmative Defense is granted.  "A waiver is an intentional and voluntary relinquishment of a known right."  *United States v. Goldberg*, 67 F.3d 1092, 1099 (3d Cir. 1995).  "Waiver must be made by one having the authority to do so."  *U.S. v. Honeywell Intern., Inc.*, 841 F. Supp. 2d 112, 114 (D.D.C. 2012).  Congress vested the Attorney General with the authority to bring civil actions under the False Claims Act.  *See* 31 U.S.C. § 3730(a); *see also* 28 U.S.C. § 516; *Martin J. Simko Constr. v. United States,* 852 F.2d 540, 548 (Fed. Cir. 1988) ("Congress could not have stated more clearly its intent to give the Attorney General specific authority to 'administer, settle, or determine' claims or disputes under the False Claims Act.")

"Violations of the [False Claims Act] . . . may only be waived by the Department of Justice, and the unauthorized statements of United States agents may not serve to waive the Government's claims."  *U.S. ex rel. Monahan v. Robert Wood Johnson Univ. Hosp. at Hamilton*, No. 02-5702, 2009 WL 4576097, at *7 (D.N.J. Dec. 1, 2009) (citing *Sappiest v. Omaha Prop. & Cas.*, 404 F.3d 805, 809 (3d Cir. 2005)).  As a result, this defense may only proceed when "a party alleges conduct by the Attorney General that could be construed as waiver of the Government's [False Claims Act] claims."  *U.S. ex rel. Spay v. CVS Caremark Corp.*, No. 09-4672, 2013 WL 1755214, at *11 (E.D. Pa. Apr. 24, 2013); *see also United States v. DynCorp Intern. LLC*, 282 F. Supp. 3d 51, 56-57 (D.D.C. 2017) (finding that a defendant "cannot

successfully allege that the government waived its [False Claims Act] and fraud claims without showing that DOJ had the unmistakable intent to waive").

Here, there are no allegations in the pleadings that can be construed to suggest that the Attorney General or Department of Justice waived its claims. The Second Affirmative Defense references actions of different governmental entities in response to the conduct alleged, including surveys performed at the direction of CMS, payment of claims, administrative remedies, accepting civil penalties, and implementing a plan of correction, that it claims constitute waiver and/or ratification. (Answer at 85-86). However, these actions were taken by CMS and state health inspectors and agencies, *see, e.g.*, FAC, ¶¶ 198, 202, 206, 212, 216, 225, 237; 242; 245; 255; 260-61; 263; 278; 285; 481; 486; 488-90; 498; 514-17; 541-43; 553-554; 570, 572; 574-76; 577-78, who lack the authority to waive the claims in the action. *See also United States ex rel Baker v. Cmty. Health Sys., Inc.*, No. 05-279, 2011 WL 13115254, at *8 (D.N.M. Dec. 7, 2011) (finding that payment of claims by CMS did not constitute waiver because "CMS employees are not DOJ employees [and] . . . are not empowered to waive [such] claims.")

Defendants' arguments are unavailing. Defendants contend that "[d]iscovery is necessary to determine the extent and nature of the government's knowledge—whether in the context of an affirmative defense or in negating the elements of scienter or materiality." (Opp'n at 5). The Third Circuit has held that "the government's knowledge of the facts underlying an allegedly false record . . . can negate the scienter required for an FCA violation." *United States ex rel. Spay v. CVS Caremark Corp.*, 875 F.3d 746, 755, 759 (3d Cir. 2017). In opposing the Government's motion, Defendants rely on cases that focus on whether the government's knowledge negates a prima facie element of a False Claims Act violation, *see U.S. ex rel. Howard v. Lockheed Martin Corp.*, 14 F. Supp. 3d 982, 1029 (S.D. Ohio Mar. 25, 2014); *U.S. ex*

6

*rel. Jordan v. Northrop Grumman Corp.*, No. 95-2985, 2002 WL 35454612, at *7-9 (C.D. Cal. Aug. 5, 2002), and not on whether the government intentionally relinquished a legal right to pursue misconduct. Neither party has pled facts to suggest that the only government body authorized to waive the claims in the action—the Attorney General or the Department of Justice—did so. The waiver affirmative defense is not a vehicle to seek discovery concerning the government's knowledge of the underlying scheme more broadly. Accordingly, Defendants' Second Affirmative Defense is stricken.

### B. Third Affirmative Defense: Accord and Satisfaction

The Government argues that Defendants' accord and satisfaction defense fails because Defendants have not alleged with specificity which government agency provided the accord and satisfaction. (Mot. at 6.) Only the Department of Justice has the authority to settle and dismiss False Claims Act actions, and without an agreement from the Department of Justice, accord and satisfaction is not a valid affirmative defense. (*Id*. at 6-7.)

Defendants argue that they have given fair notice of the defense, this defense will neither prejudice the Government nor confuse the issues, and relevant discovery overlaps with other defenses. (Opp'n at 6.) Defendants contend that the Government's position "rests on a heightened pleading standard for affirmative defense that this Court has refused to adopt." (*Id*.)

The Government's motion to strike the Third Affirmative Defense is granted. "An accord and satisfaction is a substitute [agreement] . . . for the settlement of a debt by some alternative other than full payment of the debt." *Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 147 (3d Cir. 1999). "The elements of accord and satisfaction are (1) a disputed debt, (2) a clear and unequivocal offer of payment in full satisfaction, and (3) acceptance and retention of payment by the offeree." *Fleming v. CNA Ins. Co.*, 52 F. Supp. 2d 499, 502 (E.D. Pa. 1999).

"An accord and satisfaction is enforceable only to the extent that the parties had authority to settle the dispute." *U.S. ex rel. Veltz v. Allegany Rehab. Assoc., Inc.*, No. 01-190, 2011 WL 1042194, at *4 (W.D.N.Y. Mar. 18, 2011) (citing *U.S. ex rel. Mayman v. Martin Marietta Corp.,* 894 F. Supp. 218, 224 (D. Md. 1995)). "It is well established that a purported agreement with the United States is not binding unless the other party can show that the official with whom the agreement was made had authority to bind the Government." *Mil–Spec Contractors, Inc. v. United States,* 835 F.2d 865, 867 (Fed. Cir. 1987); *see also Jordan*, 2002 WL 35454612, at *15 ("[T]he [defendant] must prove that the government official(s) involved in the agreement had the authority to bind the United States.")  The authority to settle False Claims Act claims is vested only in the Attorney General and the Department of Justice, *see* 31 U.S.C. § 3730(b), and not in a state regulatory body. *See Veltz*, 2011 WL 1042194, at *4 (holding that a settlement between the New York Department of Health and defendant did not bar a False Claims Act claim on the basis of accord and satisfaction).

Defendant's Third Affirmative Defense states: "The United States has pursued and obtained administrative remedies for care at issue in the First Amended Complaint.  The United States or its designee accepted payment of civil penalties and/or verified a plan of correction in response to asserted non-compliances." (Answer at 86.)  It continues that the claims are barred "[t]o the extent that the United States has obtained civil penalties or verified plans of correction in response to conduct identified in the First Amended Complaint." (*Id.*)  However, neither party has alleged that the Attorney General or the Department of Justice entered into any agreements or obtained administrative remedies from Defendants.  While the Government alleges that Ohio, Pennsylvania, and CMS levied civil monetary penalties against Defendants, *see, e.g.*, FAC, ¶¶ 198, 202, 574-76, the First Amended Complaint does not specify any action by the Attorney

8

General or the Department of Justice to address the conduct alleged besides bringing this lawsuit. *See id*. ¶ 16. Only the Attorney General and the Department of Justice are authorized to settle False Claims Act actions, and, as a result, this affirmative defense fails. *See Veltz*, 2011 WL 1042194, at *4.

Defendants rely on a single, out-of-Circuit, district court opinion, *see* Opp'n at 6, which is distinguishable. In *United States v. Ctr. for Diagnostic Imaging, Inc.*, No. 05-58, 2011 U.S. Dist. LEXIS 145165, at *9 (W.D. Wash. Dec. 6, 2011), the district court denied the Government's motion to strike in a case in which "a settlement agreement [was] previously reached with the United States." Here, there is no evidence in the pleadings of a prior agreement between Defendants and the Attorney General and/or Department of Justice that could constitute an accord and satisfaction. *See DynCorp Intern. LLC*, 282 F. Supp. 3d at 57 (striking affirmative defense of accord and satisfaction because the defendant "has not alleged that the Attorney General was aware of or participated in . . . [an] alleged settlement.") Accordingly, Defendants' Third Affirmative Defense is stricken.

      C.      **Fifth Affirmative Defense: Mitigation of Damages**

The Government argues that the Court should strike the affirmative defense of failure to mitigate as to all three of its claims. (Mot. at 7.) The Government maintains that the United States does not have a duty to mitigate damages in False Claims Act actions. (*Id*.) The Government recognizes that district courts diverge regarding whether the affirmative defense may be asserted against common law claims brought in a case arising under the False Claims Act. (*Id*.) Nonetheless, it urges us to strike the defense against all of the asserted claims because of the "principle that victims of fraud are not obligated to try to prevent the wrongdoing that hurt them or minimize its effects." (*Id*. at 8.)

Defendants argue that this affirmative defense should proceed for multiple reasons. (Opp'n at 7-9.) First, there is no controlling authority on whether the government must mitigate damages related to a False Claims Act violation, and as a result the issue should not be decided on a motion to strike. (*Id*. at 7-8.) Defendants urge us to follow the cases that recognize the Government's duty to mitigate damages in common law claims because the False Claims Act tracks and incorporates concepts of common law fraud. (*Id*.)

Defendant's affirmative defense is stricken with respect to the Government's False Claims Act count, but may proceed with respect to the Government's federal common law theories of payment by mistake and unjust enrichment.

There is no Third Circuit precedent on the issue, but district courts routinely hold that the government does not have a duty to mitigate damages in False Claims Act claims. *See, e.g.*, *Monahan*, 2009 WL 4576097, at *8; *Jordan*, 2002 WL 35454612, at *16; *Baker*, 2011 WL 13115254, at *9; *United States v. City Nursing Serv. Of Texas*, No. 10-2277, 2016 WL 320766, at *4 (S.D. Tex. Jan. 27, 2016); *United States v. HCR Manor Care, Inc.*, Nos. 09-13, 11-1054, 14-1228, 2015 WL 11117429, at *1 (E.D. Va. Dec. 9, 2015); *United States v. Assoc. in Eye Care, P.S.C.*, No. 13-27, 2014 WL 12606508, at *5 (E.D. Ky. Nov. 14, 2014); *see also Toepleman v. United States,* 263 F.2d 697, 700 (4th Cir. 1959), *cert. denied,* 359 U.S. 989 (1959) ("Having by his fraud thrust this burden on the United States, the [defendant] cannot be exonerated by the failure of the Government to cast it off at the most propitious time.") Defendants have not shown that the Government had a duty to mitigate damages to prevail under a False Claims Act claim.

District courts diverge as to whether a party can assert the affirmative defense of failure to mitigate damages against common law claims brought in a False Claims Act case, and there is

no Third Circuit precedent on the issue. *Compare Jordan*, 2002 WL 35454612, at *16; *U.S. ex rel. Dye v. ATK Launch Sys., Inc.*, No. 06-39, 2008 WL 4642164, at *4 (D. Utah Oct. 16, 2008); *United States v. Rite Aid Corp.*, No. 12-1689, 2020 WL 230202, at *6 (E.D. Cal. Jan. 15, 2020); *United States v. Berkeley Heartlab, Inc.,* No. 11-1593, 2017 WL 1533434, at *6 (D.S.C. Apr. 27, 2017) (recognizing the affirmative defense of failure to mitigate as to common law claims in a False Claims Act action) *with Monahan*, 2009 WL 4576097, at *8; *United States ex rel. Mandel v. Sakr*, No. 17-907, 2021 WL 1541490, at *2 (W.D.N.Y. Apr. 20, 2021) (finding that the affirmative defense of failure to mitigate is not available as to common law claims in a False Claims Act action.)

Most district courts provide little reasoning as to why the affirmative defense may or may not be cognizable. But, in allowing the defense to proceed against common law claims, one district court claimed that "[t]here is no authority suggesting that [the ordinary] rule [recognizing a duty to mitigate damages in contract claims] would not apply to the Government in the same way that it applies to private litigants." *Jordan*, 2002 WL 35454612, at *16; *see also* Opp'n at 8-9 (applying common law principles to support the affirmative defense). Meanwhile, one case that reached the opposite conclusion claimed that "Defendant is not permitted to shield itself from potential liability from the Government's allegations by arguing that the Government should have done more to stop Defendant from perpetuating an alleged fraud." *Monahan*, 2009 WL 4576097, at *8; *see also* Mot. at 8 (supporting motion to strike by extrapolating from criminal precedents that victims of crimes have no duty to mitigate). Because "a motion to strike is not the appropriate procedure to determine disputed or unclear questions of law," *Linker,* 594 F. Supp. at 898, Defendant's Fifth Affirmative Defense is stricken as to the Government's False Claims Act count and may proceed as to the Government's common law counts.

## IV.     CONCLUSION

For the above recited reasons, the Government's Motion to Strike Affirmative Defenses is granted in part and denied in part.  Defendants' Second and Third Affirmative Defenses are stricken in whole, and their Fifth Affirmative Defense is stricken as to the Government's False Claims Act count and may proceed as to the counts alleging federal common law theories of payment by mistake and unjust enrichment.  An appropriate order follows.

                                            **BY THE COURT:**

                                            ***/s/ R. Barclay Surrick***
                                            **R. Barclay Surrick, J.**